IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BENJAMIN N. MOOTS,

    Plaintiff,

vs.                                Case No. 4:10cv98-SPM/WCS

WALTER McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on March 15, 2010. Doc. 1. Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, was granted, doc. 4, and Plaintiff has now paid the assessed initial partial filing fee. Doc. 11. Prior to review of this case, Plaintiff filed a motion to amend his civil rights complaint, doc. 8, which was granted, doc. 10, but review of the amended complaint was deferred until payment of the initial partial filing fee. Also deferred was ruling on Plaintiff's motion for preliminary injunction and temporary restraining order, doc. 5, supported by Plaintiff's affidavit, doc. 6. I have now reviewed all of those documents.

Plaintiff's motion is for a preliminary injunction requiring Defendants to "provide mastectomy surgery to correct the Plaintiff's condition of gynecomastia" to prevent Plaintiff's continued pain. Doc. 5. Plaintiff states that he is incarcerated in a men's correctional facility and Defendants keep him "segregated in protective management" because his condition "would potentially cause some problems in the way of unwanted sexual advancements and probable rape." Doc. 5, p. 2. Plaintiff alleges Defendants fail to provide corrective surgery for his "painful and embarrassing medical condition." *Id.* Plaintiff indicates he will suffer physical pain and emotional distress if surgery is not provided, and contends he is largely inactive because of the condition. *Id.*, at 3-4. He further claims his suffering is worse than the financial hardship Defendants would incur if forced to provide the surgery for him. *Id.*, at 4. Finally, Plaintiff contends that providing him surgery is on the public interest for "public employees to fulfill their obligations that citizens expect to be carried out." *Id.*

Plaintiff's affidavit states that Plaintiff entered the Department of Corrections in May of 1996. Doc. 6. Plaintiff states that his "male breast tissue [is] constantly growing larger," and has "developed hardened nodules that now make up the majority of tissue." *Id.* Plaintiff states the "tissue has become more painful and tender over time, but [has] never receive[d] any medical treatment for this." *Id.*, at 2. Plaintiff states he would be safer and have less problems if surgery could remove the tissue, his physical pain would be alleviated, and his mental health would be "greatly improved." *Id.* Plaintiff states he has been "refused surgery because correctional medical staff [have] labeled it a 'cosmetic' concern." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

To determine whether Plaintiff faces a substantial likelihood of success, the amended complaint has been reviewed. Doc. 9. Plaintiff's complaint is against five Defendants, and he complains that they have violated his rights by the policy which bans "cosmetic procedures." Doc. 9, p. 8. The complaint is insufficient to state a claim against Defendant Vaughn, though potentially sufficient as to the others, and I have entered an order today requiring that the complaint be amended to drop Vaughn as a Defendant. A preliminary injunction is not warranted where a final complaint has not yet been filed.

Furthermore, should Plaintiff be entitled to any relief in this case, it would be appropriate only to grant that relief at the end of the case should Plaintiff prevail. It would not be appropriate in this case concerning medical care to direct medical treatment until it has been proven that Plaintiff's Eighth Amendment rights have been violated by not providing the surgery as requested by Plaintiff. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); see Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction and temporary restraining order, doc. 5, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**